# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA WALLIS, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| MIDLAND CREDIT | § | |
| MANAGEMENT, INC., | § | CASE NUMBER:    1:21:cv-00750 |
| *Defendant* | § | |
| | § | |
| | § | |
| | § | |
| . | § | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.   Plaintiff, Amanda Wallis ("Plaintiff" or "Wallis" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") for statutory damages, and other relief for violations of the FDCPA against Defendant, Midland Credit Management, Inc. ("Midland" and/or "Defendant" herein).

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*.

3.   Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

1

**STANDING**

4.   Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

5.   Plaintiff further suffered a concrete injury as a result of Defendant's violations contained herein.

6.   Plaintiff further suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

**THE PARTIES**

7.   Plaintiff, Amanda Wallis, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

8.   Defendant, Midland Credit Management, Inc., is a foreign corporation that is authorized to do business in Texas. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

2

## FACTUAL ALLEGATIONS

9.   Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

10. Plaintiff incurred an alleged debt for goods and services for personal, family or household purposes, with Capital One Bank USA, N.A. ("alleged debt" herein).

11.  The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

13.  The alleged debt was subsequently transferred to Midland, a debt purchaser and debt collector.

14.  Midland regularly collects or attempts to collect defaulted consumer debts by using the telephone and mails.

15.  Midland is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

16. On or about August 4, 2021, Midland filed a lawsuit ("Lawsuit" herein) against Plaintiff in Hays County Justice of the Peace, Precinct 5 in connection to the alleged debt (styled Midland Credit Management, Inc. v. Amanda I. Wallis Cause # D21-316J5, Hays County Justice of the Peace #5).

17.  On or about April 1, 2021, *prior* to the filing of the Lawsuit on Plaintiff, Midland sent to Plaintiff a collection letter ("Letter" and/or "Exhibit A" herein that is partially redacted in accordance with FRCP 5.2) whereby Midland sought to collect the alleged debt, the same debt that is/was the basis of the Lawsuit.

18.  In the Letter, Midland pressures Plaintiff to settle the case and informs her that Midland intends to file suit and will "seek to obtain a judgment" against her.

19. In the Letter, Midland further explains:

"How could a Judgment Impact You?"

"we may choose to attempt the following post-judgment remedies:"

**"obtain a lien on her property".**

20. Plaintiff alleges that the effect of the Letter is to confuse and mislead Plaintiff about the fundamental legal right to file an answer and dispute the Lawsuit in Court.

21. Plaintiff further alleges that the Letter makes a false threat of creating a post judgment lien on her constitutionally protected homestead that is prohibited under Tex. Const. Art. XVI §50(b).

22.  The Letter was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

24.  **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

**FALSE OR MISLEADING REPRESENTATIONS**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt;**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

25.  Midland violated sections (2)(A) and (10) of 15 U.S.C. §1692e with the Letter

a) by falsely stating that Midland could obtain a judgment without disclosing that Plaintiff would have the right to file an answer and dispute the claim in court.

26.  Midland further violated sections (2)(A) and (10) of 15 U.S.C. §1692e in the Letter by falsely stating that Midland could obtain a post judgment lien on Plaintiff's Property, notwithstanding the fact her property is a constitutionally protected homestead as per Tex. Const. Art. XVI §50(a).

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28.  **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

**UNFAIR PRACTICES**

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

29.  Plaintiff alleges in the alternative that to the extent the Letter does not violate

sections (2)(A) and (10) of 15 U.S.C. §1692e, the Letter constituted unfair practices in so much

as Midland used unfair and unconscionable means to collect a debt by at the very least

a) confusing Plaintiff and an unsophisticated/least sophisticated consumer as to her legal rights to

defend the Lawsuit and b) by falsely stating that it could obtain a post judgment lien on her

homestead.

## REQUEST FOR ATTORNEYS' FEES

30.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA, and any other statutory or common law basis.

## TRIAL BY JURY

31.  Plaintiff is entitled to and hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Amanda Wallis prays that the Defendant, Midland Credit Management, Inc., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a. The Court award Plaintiff, actual and statutory/additional damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment and post judgment interest as allowed by law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

*Attorney for Plaintiff Amanda Wallis*